IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

THE ESTATE OF LUCILLE ECHOLS,
DECEASED, EUGENE ROBINSON,
INDIVIDUALLY AND ON BEHALF OF
ALL WRONGFUL DEATH BENEFICIARIES
OF LUCILLE ECHOLS, DECEASED                                    PLAINTIFF

VS.                                        CASE: 3:13-cv-00120-MPM-JMV

GGNSC EUPORA, LLC D/B/A GOLDEN
LIVING CENTER, & JOHN DOES 1-30                              DEFENDANTS

## AGREED HIPAA PROTECTIVE ORDER

Upon Compliance with applicable Federal and Mississippi law, the attorneys for the parties and *pro se* parties to this lawsuit are permitted to obtain all health information, including charges therefor, relating to the medical care and treatment of Lucille Echols. This Order neither broadens nor restricts any party's availability to conduct discovery pursuant to Federal law, the sole purpose thereof being only to permit compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA).

**This Court Order authorizes any third-party who is provided with a subpoena as it relates to this action requesting the production of documents or commanding attendance at deposition or trial to disclose Protected Health Information in response to such request or subpoena. This Court Order is intended to authorize such disclosure under § 164.512(e)(1) of the privacy regulations issued pursuant to the Health Insurance Portability and Accountability Act (HIPAA) 1996.**

Nothing in this Order shall be deemed to relieve any party or attorney of the requirements of the *Federal Rules of Civil Procedure*.

Nothing in the Order shall be construed to authorize any party or any attorney for any party to release, exchange, submit or share any Protected Health Information with any other person or any other entity, other than an agent or employee of the attorney or party. This Order prohibits the parties from using or disclosing the Protected Health Information for any purpose other than this litigation or proceeding.

At the conclusion of this action and at the written request of an individual whose Protected Health Information has been disclosed, or such individual's authorized representative, all recipients of the Protected Health Information shall return to the requesting party the documents and all copies thereof containing Protected Health Information received by them pursuant to this Order, except that Protected Health Information, which is included in insurance claim files and law firm litigation files, may be retained to allow compliance to the extent and for the period that such retention is required by law.

**SO ORDERED**, this the 16th day of September, 2013.

/s/          Jane M. Virden
**U. S. MAGISTRATE JUDGE**